In an action to recover damages for legal malpractice, the second third-party defendants/third third-party defendants appeal from so much of an order of the Supreme Court, Westchester County (Adler, J), entered January 9, 2013, as denied those branches of their motion which were for summary judgment dismissing the second and third third-party causes of action for contribution, the defendant/third third-party plaintiff cross-appeals from so much of the same order as granted that branch of that motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification, and the defendant/second third-party plaintiff separately cross-appeals from stated portions of the same order.
Ordered that the cross appeal by the defendant/second third-party plaintiff is dismissed as abandoned, without costs or disbursements; and it is further,
Ordered that the order is affirmed insofar as appealed from and insofar as cross-appealed from by the defendant/third third-party plaintiff, without costs or disbursements.
The plaintiff commenced this action to recover damages arising from legal malpractice allegedly committed by, among others, Garguilo & Orzechowski, LLR and Jerry Garguilo (hereinafter together the Garguilo defendants), while representing him in a declaratory judgment action to enforce the buy-out provision of a stock agreement. The plaintiff alleged, inter alia, that the Garguilo defendants failed to serve a notice required by the stock agreement upon the individual shareholders, which resulted in a judgment dismissing them from the action.
The Garguilo defendants separately commenced third-party actions against, among others, Dollinger, Gonski & Grossman, Esqs., and Matthew Dollinger (hereinafter together the Dollinger third-party defendants), who succeeded the Garguilo defendants as the plaintiffs counsel in the underlying action. In the second third-party complaint, Jerry Garguilo asserted a cause of action against the Dollinger third-party defendants for *766 contribution. In the third third-party complaint, Garguilo & Orzechowski, LLP, asserted causes of action against the Dollinger third-party defendants for contribution and common-law indemnification. These causes of action were premised upon, inter alia, allegations that if the plaintiff were able to establish that the Garguilo defendants committed malpractice, then the Dollinger third-party defendants were culpable for essentially the same conduct because they too failed to serve notice on the individual shareholders and to take action against them to enforce the buy-out provision of the stock agreement. The Supreme Court denied those branches of the Dollinger third-party defendants’ motion which were for summary judgment dismissing the second and third third-party causes of action for contribution, but granted that branch of the Dollinger third-party defendants’ motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification.
“In determining whether a valid third-party claim for contribution exists, the critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiffs damages” (Rosner v Raley, 65 NY2d 736, 738 [1985]; see Raquet v Braun, 90 NY2d 177, 183 [1997]). “[T]he remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors” (Raquet v Braun, 90 NY2d at 183). A defendant attorney may seek contribution from a subsequently retained attorney, to the extent that the subsequently retained attorney’s negligence may have contributed to or aggravated the plaintiffs injuries (see Schauer v Joyce, 54 NY2d 1, 3-6 [1981]; Soussis v Lazer, Aptheker, Rosetta & Yedid, P.C., 66 AD3d 993, 995 [2009]; cf. Northrop v Thorsen, 46 AD3d 780, 783 [2007]).
Here, the Dollinger third-party defendants failed to establish, prima facie, that they did not breach a duty owed to the plaintiff that contributed to or aggravated his alleged damages. The Dollinger third-party defendants’ remaining contentions are without merit. Accordingly, the Supreme Court properly denied those branches of the Dollinger third-party defendants’ motion which were for summary judgment dismissing the second and third third-party causes of action for contribution, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]).
Moreover, the Supreme Court properly granted that branch of the Dollinger third-party defendants’ motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification. “[T]he key element of a *767 common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is ‘a separate duty owed the indemnitee by the indemnitor’ ” (Raquet v Braun, 90 NY2d at 183, quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]; see Konsky v Escada Hair Salon, Inc., 113 AD3d 656 [2014]). “ ‘Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine’ ” (Henderson v Waldbaums, 149 AD2d 461, 462 [1989], quoting Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 453 [1985]; see Konsky v Escada Hair Salon, Inc., 113 AD3d 656 [2014]). Here, the Dollinger third-party defendants established their prima facie entitlement to judgment as a matter of law by showing that the liability of Garguilo & Orzechowski, LLP to the plaintiff, if any, would be based on the actual wrongdoing of Garguilo & Orzechowski, LLP, and not on its vicarious liability for the conduct of the Dollinger third-party defendants (see Konsky v Escada Hair Salon, Inc., 113 AD3d 656 [2014]; Lovino, Inc. v Lavallee Law Offs., 96 AD3d 909, 910 [2012]; Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 786, 786-787 [1983]). In opposition, Garguilo & Orzechowski, LLI) failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Dollinger third-party defendants’ motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification.
Skelos, J.E, Chambers, Hall and Maltese, JJ., concur.